UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
:
IN RE 650 FIFTH AVENUE AND                    :
RELATED PROPERTIES                            :     08 Civ. 10934 (KBF)
:     and all member and
:     related cases
:
:
:     MEMORANDUM
:     DECISION & ORDER
------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

    Pending before this Court are a series of actions to enforce money judgments against the Islamic Republic of Iran ("Iran") relating to acts of terrorism for which it has been found liable in various courts in the United States.[1] Among the assets as to which plaintiffs seek turnover is real property located at 650 Fifth Avenue, New York, New York (alternatively, plaintiffs seek payment of a sum of money of equivalent value). This building is held by several of the defendants herein: the Alavi Foundation ("Alavi") and the 650 Fifth Avenue Company ("650 Fifth Avenue")(referred to jointly as defendants or "Moving Defendants"), and Assa Corp. and Assa Co. Ltd. (together "Assa").[2] The case is now scheduled for trial commencing August 28, 2013.

    By letter motion dated April 15, 2013, the Government seeks to compel disclosure of documents withheld on the basis of attorney-client privilege or the

---

[1] These actions have now been consolidated for all purposes under the case heading 08 Civ. 10934 (KBF).
[2] Bank Melli (Iran), the alleged controlling entity of Assa Corp. and Assa Co., is also named as a defendant.

work product doctrine. Defendants Alavi and 650 Fifth Avenue opposed this motion by letter response dated April 19, 2013; the Assa defendants also opposed the request by a separate letter of the same date.

The Government asserts that the crime-fraud exception applies as to all such documents – and apparently therefore seeks disclosure of all documents on defendants' privilege logs.

In particular, the Government contends that the exception should apply to communications which were in furtherance of defendants' "fraudulent and criminal schemes" to "conceal Bank Melli's ownership or control of Assa Corporation and Assa Company, Ltd., and conceal the influence of Iranian government agencies and officials in the formation of the 650 Fifth Avenue Company."

For the reasons set forth below, on the basis of the record presented, the Court denies the Government's motion with leave to renew if at some later time it resolves the deficiencies in its motion set forth herein.

The Crime Fraud Exception

"The attorney-client privilege is not without its costs." United States v. Zolin, 491 U.S. 554, 562 (1989). Alleged – as well as actual – wrongdoers are entitled to the protections of the privilege. Id. There is no basis in the law to find that a complaint asserting fraud or other wrongdoing vitiates the privilege. If allegations alone could lead to such a result, the attorney-client privilege would be weak indeed. With that said, the law is clear that when the attorney-client relationship is used as part of the scheme to defraud – when the communications are made for

2

the purpose of, or in furtherance of, the scheme to defraud, the privilege no longer applies. Id.; see also In re Richard Roe, Inc., 68 F.3d 38, 40 (2d Cir. 1995); In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983 ("Marc Rich"), 731 F.2d 1032, 1039 (2d Cir. 1984)("It is well- established that communications that otherwise would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they are in furtherance of ongoing criminal or fraudulent conduct.")

The party withholding documents on the basis of the attorney-client privilege bears the burden of supporting that privilege with sufficient information to indicate its applicability. See Fed. R. Civ. P. 26(b)(5). To overcome that privilege, a party must show probable cause[3] that a crime or fraud has been committed and that the communications were in furtherance thereof. Marc Rich, 731 F.2d at 1039; see also United States v. Jacobs, 117 F.3d 82, 87 (2d Cir. 1997).

In Jacobs, the Second Circuit held that to support such a showing, the movant must put forward a factual basis that would strike a prudent person as "constituting a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof." Id. (citing In re John Doe, 13 F.3d 633, 637 (2d Cir. 1994)). Once such a showing has been made, the court may engage in an in camera review. Id.; see also Zolin, 491 U.S. at 570 (discussing the showing a movant needs to make prior to an in camera review).

---

[3] Some courts have referred to this as making a "prima facie" showing. See, e.g., In re Int'l Sys. & Controls Corp. Sec. Litig., 693 F.2d 1235, 1242 (5th Cir. 1982).

3

Here, the Government relies solely on the allegations of its verified amended complaint to support its request to vitiate the attorney-client privilege. The Government's motion assumes that all of the factual allegations in its amended complaint are taken as true, but it has not provided any underlying documents as support for its assertions on this motion – which the Court could use to build a factual basis upon which it could make a factual determination as to probable cause. The Government's core assertion is that the conduct as described in its amended complaint, and apparently as set forth in the documents referred to therein, can lead only to the conclusion that all of the communications set forth on defendants' privilege logs were in furtherance of fraud and wrongdoing. While this assertion demonstrates the Government's strong belief in the merits of its case, more is required to have this Court issue the rather extraordinary order that not a single document on either log merits attorney-client protection.

The Court itself is not going to engage in an exercise that is the Government's burden of matching up particular entries that might, for instance, show a temporal tie between events alleged to be in furtherance of a fraud and an entry on a log. If that exercise is presented and demonstrates possible connections, then the Government may establish its initial burden of making a probable cause showing – and this Court might request an in camera review. However, a wholesale assertion of the type made here simply will not work. The Court notes, for instance, that there are a number of documents entitled "Visa extension" listed on the log. It

4

is entirely unclear how, if at all, those documents could relate to any allegation of fraud, nor is it the job of this Court to theorize.

Accordingly, the Government's motion as to the crime-fraud exception is denied as incomplete and failing to meet the minimal standards necessary to proceed to the next step of the process.

Log Inadequacy

The Government also asserts that defendants' logs are generally inadequate to support assertions of privilege. The Court agrees. The Court notes – as defendants point out – that the Government has as yet produced no log at all. What is good for the goose is good for the gander. If the Government persists in its request that defendants revise their log to more adequately support the basis for their assertions of privilege, the Court will require that they produce a log with a similar level of detail. The Government and defendants should confer and determine if the Government stands on its motion for a more detailed log.  If it does, it should provide defendants with an appropriate log within 14 days and defendants shall revise theirs as well within the same timeframe. (As guidance, the Court notes that all entries should include the names of all recipients.  In addition each attorney listed should be listed with the word "esq." and any person not an employee of defendant should have an affiliation listed.  Finally, there should be sufficient detail regarding the topic as to which the advice was sought or the work product was created to allow the Court and the parties to understand the underlying assertion,

along with the reason for the assertion – <u>e.g.</u>, "client sought legal advice on transfer of funds," etc.)

<u>Assa Documents</u>

The Government spends one paragraph asserting that Assa has not produced: (1) documents relating to the selection of board members, (2) documents relating to the hiring or termination of employees, and (3) financial records or correspondence concerning the use or disposition of partnership distributions. Assa responds that the Government has not previously complained about deficiencies in its production. This argument, however, is neither here nor there since the Court had set April 15, 2013 as the deadline for parties to raise production deficiencies with the Court.

Each of the three categories which the Government seeks is relevant. The amended complaint in this matter asserts that Assa is merely a front for the Iranian Government and that the Iranian Government makes decisions regarding the identity of board members, personnel action, and financial disbursements. The Court orders that Assa immediately (within the next 14 days) undertake a thorough review of its books and records and those of its board members and employees to determine if such documents exist and if they do, to produce them within that timeframe. If such documents do not exist, the Court authorizes a deposition (within the next 21 days) of a corporate representative as to each category of

documents to determine why the documents do not exist.

SO ORDERED.

Dated:     New York, New York
           April 24, 2013

                                                                      KATHERINE B. FORREST
                                                                      United States District Judge