UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :
IN RE 650 FIFTH AVENUE AND       :
RELATED PROPERTIES                   :
                                :
                                :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/13

08 Civ. 10934 (KBF)
and all member and
related cases

ORDER

KATHERINE B. FORREST, District Judge:

      Defendant-Claimants Alavi Foundation and 650 Fifth Ave. Co. (collectively, "Alavi") filed a letter motion to preclude the testimony of a Government cooperating witness[1] ("Cooperator 1") or, in the alternative, to compel the production of documents associated with the witness that have been withheld on the basis of the law enforcement and deliberative process privileges. (ECF No. 643.) The Government opposed the motion by letter dated August 21, 2013. (ECF No. 724.)

      Alavi seeks to preclude Cooperator 1's testimony as relief from the Government's failure to provide relevant documents prior to an April 1 deadline set in the Court's Order of February 1, 2013, (ECF No. 348), or before Cooperator 1's deposition on June 17, 2013. Since the June 17, 2013, deposition, the Government has produced key documents relating to Cooperator 1. The Court granted claimants' request to reopen the deposition on August 7, 2013, in light of the newly-disclosed documents; the reopened deposition is set to occur August 30, 2013.

---

[1] The identity of this witness is currently withheld at the parties' request.

Should the Court permit his testimony, Alavi seeks the production of the witness's entire "source file" – which includes his source agreement, complete records of the Government's payments to him and his expenses, immigration records, the results of polygraph tests, and communications relating to the decision by the FBI to enter into a source agreement.

The Court will not preclude the testimony of Cooperator 1. The Court's February 1, 2013, Order did not state or intend that any witness whose documents had not been produced by April 1 would be precluded automatically. As to Cooperator 1, the Government provided substantial discovery material – including 40 interview reports regarding Cooperator 1 – by December 2012, a full six months before his deposition. The Court remedied any prejudice caused by the disclosure of additional documents after the initial deposition by permitting claimants to reopen his deposition. Claimants will now have twelve hours of pretrial examination to probe this witness and have possessed the most relevant documents for months; he will be permitted to testify.

As regards additional documents designated as privileged, the Court finds – with one exception – that the discoverable and nonprivileged documents relating to Cooperator 1 have already been produced. The Court will not compel the production of the full source file as the documents described – FBI internal communications, polygraph results, and immigration records – are either protected by the law enforcement privilege or are not discoverable.

However, the Court does order the production of the documents relating to payments and expense reimbursements made to Cooperator 1 by the Government. Such information – even if protected by the law-enforcement privilege – is important to claimants' case, not available through other means, and meets claimants' compelling need to effectively question the motives of a key Government witness.  See In re The City of New York, 607 F.3d 923, 945 (2d Cir. 2010)(to overcome the qualified law enforcement privilege, a party must demonstrate "(1) that its suit is 'non-frivolous and brought in good faith,' (2) that 'the information sought is [not] available through other discovery or from other sources,' and (3) that the information sought is 'importan[t]' to the party's case", as well as make a showing of a "compelling need" for the disclosure). The Court further finds that the interest of the public in nondisclosure is outweighed by claimants' need for the details of the payments made.  The fact that Cooperator 1 received payments from the Government has already been disclosed; the Court sees little damage to future law enforcement operations by the disclosure of the details of those payments.  See id. (directing Court to balance public's interest in nondisclosure with moving party's need for disclosure).

The Government is therefore ordered to produce – prior to the commencement of Cooperator 1's August 30, 2013, deposition – the records relating to payments made to Cooperator 1 and any expense reimbursements.  Such reports may be redacted to remove sensitive information such as the identities of agents or other cooperating witnesses, as well as to prevent the disclosure of any other

investigations. Should the Government believe that such disclosure would be imminently harmful, it may call the Court on August 30, 2013, to explain its reasoning, on an <u>ex</u> <u>parte</u> basis if necessary. In any event, the Government shall have the documents in its possession at the deposition should the Court deny any further protective order request.

Alavi's letter motion to preclude the testimony of Cooperator 1 or, in the alternative, to compel production of relevant documents, is therefore granted in part and denied in part.

SO ORDERED.

Dated:  New York, New York
        August 29, 2013

_____
KATHERINE B. FORREST
United States District Judge